UNITED STATES of America,
Plaintiff—Appellee,

v.

Moises TORRES–CASTELANO,
Defendant—Appellant.

No. 11–10049.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 13, 2012.

Filed March 1, 2012.

Craig Howard Russell, Kimberly E. Hopkins, Esquire, Assistant U.S., Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Clay Hernandez, Law Offices of Clay Hernandez, PC The Johnson House, Tucson, AZ, for Defendant–Appellant.

Before: THOMAS, FISHER, and IKUTA, Circuit Judges.

MEMORANDUM *

The district court did not err in determining that the government proved the fact of Torres–Castelano's prior conviction under section 245(a)(1) of the California Penal Code by clear and convincing evidence, given that (1) a plea transcript from a 2005 prosecution of Torres–Castelano for violation of 8 U.S.C. § 1326(a) included a concession by Torres–Castelano that he had been convicted of assault with a deadly weapon on January 28, 2003; (2) an abstract of judgment, dated January 28, 2003, stated that "Moises Hernandez" had been convicted of assault with a deadly weapon under California Penal Code section 245(a)(1); and (3) an FBI rap sheet stated that "Moises Hernandez" was an alias used by Torres–Castelano "based on fingerprint comparisons," and included the conviction for violation of section 245(a)(1). Because section 245(a)(1) is categorically a crime of violence, see United States v. Salazar–Mojica, 634 F.3d 1070, 1072 (9th Cir.2011), the district court did not err in imposing a sixteen-point offense level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on Torres–Castelano's prior conviction of a crime of violence.

To the extent the district court based its denial of a two-point reduction for acceptance of responsibility on the ground that Torres–Castelano's decision to proceed to trial and put the government to its burden of proof barred the reduction, the district court erred. See United States v. Cortes, 299 F.3d 1030, 1038 (9th Cir.2002); United States v. Ochoa–Gaytan, 265 F.3d 837, 843 (9th Cir.2001). Because the record suggests that the district court applied such a bar in this case, remand is appropriate to allow the district court to determine the applicability of the acceptance of responsibility reduction by reference to the appropriate factors. See Cortes, 299 F.3d at 1039; U.S.S.G. § 3E1.1 application note 1.

**Sentence VACATED and REMANDED for Resentencing.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.